# EXHIBIT A

# EXHIBIT A

Electronically Filed
10/22/2014 01:12:59 PM

*[signature]*

CLERK OF THE COURT

1  Allen Lichtenstein, Esq.
   Nevada Bar No. 3992
2  Staci Pratt, Esq.
   Nevada Bar No. 12630
3  Allen Lichtenstein, Ltd.
4  3315 Russell Road, No. 222
   Las Vegas, NV 89120
5  Tel: 702-433-2666
6  Fax: 702-433-9591
   allaw@lvcoxmail.com
7  staciipratt@gmail.com

8  James A. Quadra, Esq. (pro hac vice pending)
9  Rebecca Coll, Esq. (pro hac vice pending)
   Quadra & Coll, LLP
10 649 Mission Street, 5th Floor
   San Francisco, CA 94105
11 Tel: 415-426-3502
12 jquadra@quadracoll.com
   rcoll@quadracoll.com
13
14 Attorneys for the Plaintiffs

15                    EIGHTH JUDICIAL DISTRICT COURT

16                         CLARK COUNTY, NEVADA

17 JASON LAMBERTH, as father in his          Case No.:  A-14-708849-C
   individual capacity and estate representative of
18 HAILEE JOY LAMBERTH; JENNIFER             COMPLAINT FOR DECLARATORY
   LAMBERTH, as mother in her individual    RELIEF, INJUNCTIVE RELIEF, AND
19 capacity and estate representative of HAILEE   DAMAGES
20 JOY LAMBERTH; and JACOB
   LAMBERTH, brother of HAILEE JOY          JURY TRIAL DEMANDED
21 LAMBERTH.                                 EXEMPT FROM ARBITRATION
22              Plaintiffs,
23        vs.                                Dept. XXVI
24
   CLARK COUNTY SCHOOL DISTRICT
25 (CCSD); Pat Skorkowsky, in his official
   capacity as CCSD superintendent; CCSD
26 BOARD OF SCHOOL TRUSTEES; Erin A.
27 Cranor, Linda E. Young, Patrice Tew, Stavan
   Corbett, Carolyn Edwards, Chris Garvey,
28 Deanna Wright, in their official capacities as

1  CCSD BOARD OF SCHOOL TRUSTEES;
   THURMAN WHITE MIDDLE SCHOOL
2  (TWMS); Principal Andrea Katona, in her
   individual and official capacity as principal of
3  TWMS; Dean Ron Kamman, in his individual
   and official capacity as Dean at TWMS; Dean
4  April Barr, in her individual and official
   capacity as Dean at TWMS; Sabreena Adams,
5  in her individual and official capacity as
   counselor at TWMS; Mrs. Kim Jefferson, in
6  her individual and official capacity as
   instructor at TWMS; Andre Long, in his
7  individual and official capacity as Academic
   Manager of CCSD.
8
9
                    Defendants.
10

11

12          Come now Plaintiffs, by and through the undersigned attorneys, and file this Complaint

13  for declaratory and injunctive relief ordering Defendants CCSD, Superintendent Skorkowski,

14  CCSD Board of School Trustees, Trustee Cranor, Trustee Young, Trustee Tew, Trustee Corbett,

15  Trustee Edwards, Trustee Garvey, Trustee Wright, Thurman White Middle School, Principal

16  Katona, Dean Ron Kamman, Dean Barr, Counselor Adams, and Instructor Jefferson (hereinafter

17  "CCSD Defendants") to adopt, implement, and ensure compliance with statutory mandates, and

18  adopt policies and practices that ensure the safety of students faced with harassment and

19  bullying.  These policies and practices include compliance with parental notification

20  requirements, development of a safety plan, appropriate and timely investigations, timely and

21  effective notice, independent monitoring of school officials, instituting an appeals process for

22  parents and students who feel a school's actions to do not ensure a safe and respectful learning

23  environment, and instituting disciplinary action against school officials who do not comply.

24          Plaintiffs also seek damages for harm suffered as a result of CCSD Defendants' failure to

25  maintain and follow a policy that protects children from harassment and bullying.  Plaintiffs

26  maintain claims for violation of Plaintiffs' rights and the rights of their late daughter Hailee Joy

27

28

                                    Lamberth Complaint - 2

1  Lamberth. under state and federal laws. Plaintiffs also seek damages for the wrongful and

2  defamatory statements made by Defendants.

3  <u>**STATEMENT OF THE CASE**</u>

4      1. As alleged in greater particularity below, Plaintiffs assert that CCSD failed to ensure a safe

5  and respectful learning environment, free from bullying, harassment, and violence, for Hailee

6  Lamberth, a 13-year-old student attending Thurman White Middle School. Despite a clear

7  statutory obligation to provide notice of reported bullying pursuant to N.R.S. § 388.1351(2),

8  TMWS officials failed to notify Jason and Jennifer Lamberth of a bullying complaint entered

9  into CCSD's bullying website on November 20, 2013. This failure deprived Jason and Jennifer

10  of the opportunity to intervene or access guidance and counseling services for their daughter.

11      2.  As a result of ongoing and severe acts of bullying, Hailee took her own life on December

12  12, 2013.

13      3.   CCSD Defendants failed to acknowledge, provide notification of, address and/or

14  investigate the persistent bullying, physical assaults, and harassment faced by Hailee.

15  <u>**JURISDICTIONAL STATEMENT**</u>

16      4. This action arises under the N.R.S., the Nevada State Constitution, the U.S. Constitution,

17  and 42 U.S.C. § 1983. Nevada District Courts have general jurisdiction in civil matters.  N.R.S.

18  Const. Art 6, § 6.

19  <u>**PARTIES**</u>

20      5.  Plaintiffs Jason and Jennifer Lamberth are the parents of Hailee Joy Lamberth, a former

21  student at Thurman White Middle School  (TWMS).  Plaintiff Jacob Lamberth is the brother of

22  Hailee Joy Lamberth. Jacob was six years old when Hailee took her life on December 12, 2013,

23  after enduring severe and pervasive acts of bullying at TWMS.

24      6.  Plaintiffs Jason, Jennifer, and Jacob Lamberth institute this action, pursuant to the

25  authority of N.R.S. § 41.085.

26      7.  Plaintiff Jason Lamberth and Jennifer Lamberth, as the parents of Hailee Joy Lamberth,

27  are the representatives of the Estate of Hailee Joy Lamberth.

28

8.  Defendant CCSD is the district that encompasses all public schools in Las Vegas, Nevada and surrounding areas, including Thurman White Middle School.

9.  Defendant Pat Skorkowsky is the current superintendent of CCSD and is responsible for overseeing school district staff.

10. Defendant CCSD Board of School Trustees is the organization that oversees all schools of CCSD.

11. Defendants Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright are currently members of CCSD Board of School Trustees, and responsible for overseeing CCSD schools.

12. Defendant Andrea Katona is the principal at TWMS, and is responsible for overseeing the staff and students at the school.

13. Defendant Ron Kamman is a Dean at TWMS, and is responsible for overseeing students and disciplinary matters at the school.

14. Defendant Barr is a Dean at TWMS, and is responsible for overseeing students and disciplinary matters at the school.

15. Defendant Sabreena Adams is the guidance counselor at TWMS, and is responsible for overseeing students and ensuring their safety and success at the school. As the counselor assigned to 7th grade A-L students, Defendant Adams was the counselor assigned to Hailee Lamberth.

16. Defendant Mrs. Kim Jefferson is an instructor of P.E. at TWMS, and is responsible for overseeing students in her class and ensuring a positive and safe learning environment.  She oversaw the P.E. class in which Hailee Lamberth was enrolled.

17. Defendant Andre Long is the Academic Manager for the area of CCSD that incorporates TWMS. He is responsible for overseeing activities at the school and others within his area boundary.

## STATUTE OF LIMITATIONS

18. This complaint concerns events taking place between August of 2013 and continuing through April of 2014, and therefore is timely filed, on this 21st day of October of 2014.

## FACTUAL BACKGROUND

### Hailee's Story

19. On or about August 26, 2013, Hailee Joy Lamberth began the seventh grade at Thurman White Middle School, like many other 12 year olds, with a rich and full life.

20. Hailee enjoyed academics, earning straight As and honor roll awards. She had many friends and a close and supportive family. Artistic by nature, Hailee delighted in painting, drawing, and making crafts. She preferred hand making birthday cards instead of buying them.

21. Hailee played starting goalie on her soccer team, The Quails, and she helped them win multiple Henderson United Youth Soccer league championships. She was widely regarded as the best goalie in her age division. Hailee also loved to go camping, hiking, and fishing.

22. Recently diagnosed with epilepsy, Hailee would endure petit mal and grand mal seizures at times, with grace and determination.

23. Hailee cared about other students and their treatment by TWMS peers. In October of 2013, Hailee witnessed a school bully push another student's books to the floor as they passed in the hallway. Hailee stopped and helped the bullied student, earning a kindness award for her empathy and her desire to assist.

24. Hailee's willingness to intervene, however, tragically, was not mirrored by the school district officials charged with ensuring that TWMS provide a "safe and respectful" learning environment.

25. Upon information and belief, commencing in August 2013 and proceeding until Hailee's suicide on December 12, 2013, severe and abusive acts of bullying confronted Hailee on both discrete occasions and a pervasive basis at TWMS.

26. A voice mail recorded on Hailee's phone on September 27, 2013 mocked Hailee's seizures, and appeared to state "Where are you Hailee? I hope you died."

27. On information and belief, a fellow student, C.S., made the following statements to TWMS: "I have actually seen C.H. bully Hailee. I don't remember the exact date when it happened but I know it happened at lunch around Thanksgiving time, he was pushing her around

1 and he called her 'fat' and 'ugly.'" C.S. continued, "I went up to him and said stop but from that
2 day he actually started to bully me." C.S. Statement to TWMS, Dated March 2014.

3    28. Upon information and belief, TWMS previously suspended C.H. for three days on two
4 occasions for the bullying of other students.

5    29. Upon information and belief, Hailee and her peers witnessed acts of bullying by C.H.
6 towards students on a regular basis. Such acts included threats to "kill you."

7    30. Upon information and belief, C.H. also left letters in Hailee's locker, instructing her to
8 "Drink Bleach and Die," and posing the question "Why don't you die?"

9    31. Hailee endured bullying in her P.E. class as well. Upon information and belief, on or
10 about November 2013, TMWS student C.G. reported the following: "Hailee Lamberth was
11 bullied by [J.J.] The bullying took place in Mrs. Jefferson's fourth period P.E. class. During the
12 P.E. activities, [J.J.] would call Hailee a fat ass, stupid bitch, and a slut. The bullying had been
13 going on for a long time now (about two months). Almost everyday...No one was doing
14 anything about the bullying, so I, [C.G.] stood up for my best friend and reported the bullying on
15 the website link." C.G. statements to TWMS, Dated March 17, 2014.

16    32. In an interview associated with the statement, C.G. reiterated, "Hailee was being bullied
17 for quite a long time, social and verbal bullying and that she didn't want fingers being pointed."
18 A listed witness to the long term bullying in the P.E. class specifically included P.E. teacher,
19 Mrs. Jefferson. C.G. statements to TWMS, Dated March 17, 2014.

20    33. Despite Nevada statutory mandates and a CCSD Policy requiring any employee who
21 "witnesses, overhears, or receives a report, formal or informal, written or oral, of bullying,
22 cyberbullying, harassment, and/or intimidation at school..." to report it to a principal or
23 principal's designee – Mrs. Jefferson made no such report. N.R.S. § 388.1351(1).

24    34. On November 20, 2013, C.G. reported Hailee's bullying on the CCSD website.
25 According to CCSD's redacted version, the report provided: "[Redacted name] has called
26 Hailee a "fatass" (which she is not), an "ugly bitch" and has called her stupid (also something
27 she is not). This has been going on for a very long time now. [Redacted name] has made Hailee
28

1  cry almost everyday, as these mean comments are said about her."  CCSD Letter to Jason

2  Lamberth of March 25, 2014.

3      35. According to an email from Principal Katona to Jason Lamberth, dated March 14, 2014,

4  "after an entry is made to the anonymous online bullying website, an automated email is

5  generated from the website and sent to the school administration notifying them that a

6  submission was made."

7      36. TWMS Progressive Discipline Plan identifies on page 5 #2 that written statements from

8  multiple witnesses will be taken.  Even though Hailee was  subjected to bullying at PE and in

9  the locker room, no attempt to interview pupils with lockers in the vicinity was made or of other

10  students in the class.

11      37. The online entry and notification triggered the mandates of N.R.S. § 388.1351, which

12  governs the statutory duties of school staff possessing information related to peer on peer

13  bullying under N.R.S. § 388.135.  Section 1 states: "A teacher or other staff member who

14  witnesses a violation of N.R.S. § 388.135 or receives information that a violation of N.R.S. §

15  388.135 has occurred shall verbally report the violation to the principal or his or her designee on

16  the day on which the teacher or other staff member witnessed the violation or received

17  information regarding the occurrence of the violation." Thus, whoever in the administration

18  received the online report of bullying was required to report the violation to the principal.

19      38. The law required the principal to provide written notice of a reported violation of N.R.S.

20  § 388.135 to the parent of each involved pupil. N.R.S. § 388.1351(2) mandates that: "The

21  principal or his or her designee shall initiate an investigation not later than 1 day after receiving

22  notice of the violation pursuant to subsection 1.  The principal or the designee **shall provide**

23  **written notice of a reported violation of NRS 388.135 to the parent or legal guardian of**

24  **each pupil involved in the reported violation.**" (Emphasis added).  The law further demands

25  that the "**notice must include, without limitation, a statement that the principal or the**

26  **designee will be conducting an investigation into the reported violation and that the parent**

27

28

1  or legal guardian may discuss with the principal or the designee any counseling or

2  intervention services that are available to the pupil."[1] (Emphasis added)

3      39. Despite this statutory prescription, no CCSD principal, official or staff member provided

4  parental notification of the bullying report to Jason or Jennifer. Hailee's family received no

5  information regarding the humiliation and suffering she was enduring. Nor did the family have

6  the opportunity to access any counseling or intervention services for Hailee.

7      40. Just three weeks later, on December 12, 2013, Hailee took her life. Her suicide note

8  illustrates the dangers of a school district ignoring documented acts of bullying and failing to live

9  up to their statutory responsibilities. "I only ask that you tell my school I killed myself so maybe

10  next time people like [C.H.] wants to call someone pimple face or emo ass bitch, he won't." The

11  Lamberths were given this note by Metro police investigators two weeks after Jason Lamberth

12  and his six year old son, Jacob Lamberth, discovered Hailee's lifeless body in their den.

13          **CCSD and Circling the Wagons:  Denial, Dereliction & Defamation**

14      41. Following Hailee's suicide, Jason, Jennifer and Jacob grieved.  They endured sleepless

15  nights, breathtaking trauma, and profound loss.  They sought solace in Hailee's pictures, comfort

16  from her friends, and explanations from her school.

17      42. On February 6, 2014, Jason  and Jennifer Lamberth met with Principal Katona  and

18  Andre Long to better understand the events leading up to his daughter's death.  The Principal and

19  Long made no mention of the Nov. 20, 2013 bullying report.  Principal Katona stated that she

20  never had any reason to believe that Hailee had ever been bullied, and therefore never had any

21  reason to conduct an investigation, Principal Katona also admitted that she had not conducted an

22  investigation after Hailee's death.  Despite her statements to Jennifer and Jason Lamberth, on

23  information and belief, Defendant Katona never told the police about the online bullying report

24  during the police investigation following Hailee's death.

25

26  [1] The statute requires a timely investigation.  "The investigation must be completed within 10
   days after the date on which the investigation is initiated and, if a violation is found to have
27  occurred, include recommendations concerning the imposition of disciplinary action or other
   measures to be imposed as a result of the violation." N.R.S. § 388.1351(2).
28

43. On February 27, 2014, Jason spoke with the CCSD Board of Trustees to discuss his concerns about the safety of the learning environment at TWMS. The CCSD Board members made no mention of the Nov. 20, 2013 bullying report.

44. The Las Vegas Review Journal ran an article describing Jason's statements to the CCSD Board of Trustees on February 28, 2014. In response to this story, TWMS guidance counselor Sabreena Adams posted the following to Facebook, "Frustrating we have been working tirelessly to help ALL these students and still get painted as the bad guys. Ps...Kid is NOT still at our school nor was he bullying her." Adams continued, "[School principal] Andi has gone above and beyond...And she is still the monster. We even bought her younger brother Christmas and bday presents at the parents request yet were still the enemy." Upon information and belief, these statements appeared before an audience of more than 500 individuals.

45. On March 10, 2014, Jason met with TMWS Dean Kamman, requesting any files related to his daughter, including any disciplinary files. Dean Kamman stated no disciplinary files existed since Hailee was an "exemplary" child.

46. Troubled by the lack of information, Jason returned to the school again that same day. The Principal met Jason and gave him Hailee's disciplinary file. The file contained a printout of a computer entry stating "It was reported using the bullying website that Hailee was being bothered in PE [redaction] Deans investigated and handled the incident." The incident date provided is November 21, 2013, and the location is listed as the gym. The disposition description states "conference student."

47. Jason and Jennifer were stunned. This was the first time they had been notified of the bullying incident and the online complaint. Jason emailed Principal Katona on March 12, seeking answers, asking "Why is it that in previous meetings with you, you never made any mention of this report?"

48. Principal Katona admitted her failure to disclose the report in an email dated March 12, 2014.

49. Upon information and belief, the March discussions finally prompted CCSD to launch an investigation of the circumstances related to the online complaint and the bullying of Hailee.

1   TWMS officials interviewed student C.G. on March 17, 2014.  TWMS officials interviewed
2   student C.S. on March 19, 2014.  These interview statements, as described previously,
3   substantiated ongoing and severe acts of bullying, including physical violence, against Hailee.

4        50. Notably, CCSD's own Policies describe bullying as "a deliberate or intentional behavior
5   using words or actions intended to cause intimidation or fear." CCSD, P-5137(II)(A).  Further,
6   CCSD's definition specifically includes; physical acts, such as assaults, kicking, or punching;
7   "indirect acts," such as "spreading cruel rumors, intimidation through gestures, social exclusion,
8   or sending insulting messages or pictures…;" use of power imbalances, such as physical or
9   psychological dominance, or verbal threats such as "teasing and name calling," intimidation,
10  punitive acts aimed at hurting or punishing a targeted individual, or repetitive, systematic acts.
11  CCSD, P-5137(II)(A)(1)-(6).

12       51. Increasingly frustrated by the evasiveness of TWMS, Jason Lamberth met with CCSD
13  Superintendent Pat Skorkowski on March 17, 2014 to discuss his concerns.  Superintendent
14  Skorkowski responded to his numbered questions, in a written letter dated March 25, 2014, with
15  attachments.  On information and belief, one such attachment was authored by Principal Katona,
16  and provided a false chronology related to Hailee Lamberth.

17       52.  In this purported chronology, Principal Katona made egregiously false and malicious
18  statements defaming Jason and Jennifer Lamberth, outrageously and falsely claiming that Jason
19  Lamberth abused Hailee.

20       53. On March 31, 2014, Jason Lamberth learned that CCSD had sent its false and defamatory
21  "chronology" to a third party parent at the school.

22       54. CCSD declares through its bullying policies that the district is "committed to providing a
23  safe, secure, and respectful learning environment for all students…"  CCSD claims that it
24  "strives to consistently and vigorously address bullying, cyber-bulling, harassment, and
25  intimidation so that there is no disruption to the learning environment and learning process."
26  CCSD, P-5137(I).  CCSD has fallen far short of this statutorily mandated commitment. Pursuant
27  to N.R.S. § 388.132 (4)(a), Nevada has established:  the "goal of the Legislature is to ensure that:
28  (a) The public schools in this State provide a safe and respectful learning environment in which

1  persons of differing beliefs, characteristics and backgrounds can realize their full academic and

2  personal potential."

3      55. The Lamberths have suffered harm in the form of their grief and sorrow, loss of probable

4  support, companionship, society, and comfort from Hailee, and also seek compensation for

5  Hailee's pain, suffering, disfigurement and death.  They are enduring the symptoms of post-

6  traumatic stress disorder, including sleeplessness, among other sufferings.

7

8  

**CLAIM FOR RELIEF I**
**WRONGFUL DEATH/ NEGLIGENCE**
**[BY ALL PLAINTIFFS AGAINST CCSD DEFENDANTS]**

9      56. All allegations set forth in this Complaint are hereby incorporated by reference.

10     57. The standards to establish a negligence claim were set forth by the Nevada Supreme

11 Court in, Foster v. Costco Wholesale Corp., 291 P.3d 150 (2012); DeBoer v. Sr. Bridges of

12 Sparks Fam. Hosp.,  282 P.3d 727, 732 (2012); see also, Scialabba v. Brandise Const. Co., 921

13 P.2d 928, 930 (Nev.1996).  [A] plaintiff must demonstrate that (1) the defendant owed the

14 plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of

15 the plaintiff's injuries, and (4) the plaintiff suffered damages.

16     58. The Nevada Supreme Court has expressly stated that a special duty exists between

17 teachers and students in Lee v. GNLV Corp., 117 Nev. 291, 22 P.3d 209 (2001).

18

19        In Nevada, as under the common law, strangers are generally under no duty to aid

20        those in peril. See Sims v. General Telephone & Electronics, 107 Nev. 516, 525,
          815 P.2d 151, 157 (1991) (overruled on other grounds in Tucker v. Action

21        Equipment and Scaffold Co., Inc., 113 Nev. 1349, 951 P.2d 1027 (Nev. 1997)).
          This court, however, has stated that, **where a special relationship exists between**

22        **the parties, such as** with an innkeeper-guest, **teacher-student** or
          employer-employee, an affirmative duty to aid others in peril is imposed by law.

23        See Sims, at 526, 815 P.2d at 157-58 (citing W. Page Keeton et al., Prosser and
          Keeton on the Law of Torts, § 56, at 376).

24 Lee v. GNLV Corp., 117 Nev. at 296, 22 P.3d at 212. See also, Beckman v. Match.com, No. 2:13

25 CV 97 JCM NJK.2013 WL 2355512 at *8 (D.Nev., May 29, 2013).

26

27

28

Lamberth Complaint - 11

59. In our sister state, the California Supreme Court explained the rationale behind the special teacher-student relationship, and basis for the duty of schools, school districts and school personnel to protect students placed in their care.

> In addition, a school district and its employees have a special relationship with the district's pupils, a relationship arising from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel, analogous in many ways to the relationship between parents and their children .~ (Hoff v. Vacaville Unified School Dist. (1998) 19 Cal.4th 925, 935, 80 Cal.Rptr.2d 811, 968 P.2d 522, see M.W. v. Panama Buena Vista Union School Dist. (2003) 110 Cal.App.4th 508, 517, 1 Cal.Rptr.3d 673; Leger v. Stockton Unified School Dist., (1988)  202 Cal.App.3d at 1448,1458-1459, 249 Cal.Rptr. 688.) Because of this special relationship, imposing obligations beyond what each person generally owes others under Civil Code section 1714, the duty of care owed by school personnel includes the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally.FN3 This principle has been applied in cases of employees' alleged negligence resulting in injury to a student by another student ( J.H. v. Los Angeles Unified School Dist. (2010) 183 Cal.App.4th 123, 128-29, 141-48.)....

C.A. v. William S. Hart Union High School Dist., 53 Cal.4th 861, 270 P.3d 699 (2012), 53 Cal.4th at 869-870, 270 P. 2d at 704-705.

60. The William S. Hart Union High School Dist. Court explained that the special duty to students at school stated that the duty is in accord with public policy set forth in, Cal. Const., art. I, § 28, subd. (a)(7) (students have the right to be safe and secure in their persons); and Cal. Ed.Code, §§ 32228-32228.5, 35294.10-35294.15 (establishing various school safety and violence prevention programs). 53 Cal.4th at 870, 270 P. 2d at 705. In Nevada, the statutory parallel appears in NRS Chapter 388. In both Nevada and California, the legislatures have made a clear and unmistakable statement that school districts have an unequivocal responsibility to protect the students placed in their care, particularly when they have been made aware of a specific danger to specific students.

61. Defendants breached their duty to Hailee:  by failing to notify her parents of the reported bullying, and thereby depriving them of the opportunity to intervene and access counseling services; by failing to provide her with a safe and respectful learning environment; by

1  failing to investigate the bullying she endured, and by failing to address the harassment and

2  pervasive bullying Hailee faced at Thurman White Middle School.

3     62. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions,

4  Hailee experienced pain and suffering, including physical, psychological and emotional injury,

5  including her own death.

6     63. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions,

7  Jason and Jennifer Lamberth also suffered immediate and irreparable injury, including physical,

8  psychological and emotional injury, by losing the opportunity to speak with their daughter about

9  the reported allegations of bullying and to attempt to intervene prior to her death.

10     64. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions,

11  Jason, Jennifer and Jacob Lamberth suffered immediate and irreparable injury, including

12  physical, psychological and emotional injury, and the loss of companionship of their daughter

13  and sister.

14  
15                  **CLAIM FOR RELIEF II**
          **WRONGFUL DEATH/ NEGLIGENCE PER SE:**
16        **VIOLATIONS OF N.R.S. AND CCSD POLICIES**
     **[BY ALL PLAINTIFFS AGAINST CCSD DEFENDANTS]**

17  
18     65. All allegations set forth in this Complaint are hereby incorporated by reference.

19     66. In Barnes v. Delta Lines, 669 P.2d 709, 710 (1983), the Nevada Supreme Court held that

20  "when a defendant violates a statute which was designed to protect a class of persons to which

21  the plaintiff belongs, and thereby proximately causes injury to the plaintiff, such a violation

22  constitutes negligence per se." Thus, negligence per se is a method of establishing the duty and

23  breach elements of a negligence claim.  Cervantes, 263 P3d at 264, n 4.

24     67. Defendant's failure to ensure the safety of Hailee violated statutes designed to protect the

25  class of individuals to which Hailee belongs, namely students in the public school system.  See

26  N.R.S. Chapters 388 & 392 Pupils, et seq.  The failure of CCSD Defendants to provide

27  appropriate notification to Hailee's parents amounts to negligence per se.  N.R.S. § 388.1351(2)

28  mandates that: "The principal or his or her designee shall initiate an investigation not later than

1 day after receiving notice of the violation pursuant to subsection 1.  The principal or the

designee shall provide written notice of a reported violation of NRS 388.135 to the parent or

legal guardian of each pupil involved in the reported violation." (Emphasis added).   The law

further demands that the "notice must include, without limitation, a statement that the principal

or the designee will be conducting an investigation into the reported violation and that the parent

or legal guardian may discuss with the principal or the designee any counseling or intervention

services that are available to the pupil."

68. The Lamberths were precisely the type of parties NRS § 388.135 was designed to protect.

As the parents of a bullied student, they were entitled to information regarding the reported

incidents.

69. The failure of the CCSD Defendants to abide by the notification mandates deprived the

Lamberths of the opportunity to intervene.  It further deprived them of the opportunity to access

counseling or intervention services in coordination with the principal.

70. Thus, CCSD Defendants' failure to implement appropriate disciplinary and safety

strategies to protect Hailee, as required by school and district policies, and regulations, and

Nevada state law, amounts to negligence per se.

71. As a fundamental matter, the legislature has declared, "[a] learning environment that is

safe and respectful is essential for the pupils enrolled in the public schools in this State to

achieve academic success and meet this State's high academic standards." N.R.S. § 388.132(1).

Further, it codified its goals of maintaining "public schools [that] provide a safe and respectful

learning environment in which persons of differing beliefs, characteristics and backgrounds can

realize their full academic and personal potential; and that "[a]ll administrators, principals,

teachers and other personnel of the school districts and public schools [...] demonstrate

appropriate behavior on the premises of any public school by treating other persons, including,

without limitation, pupils, with civility and respect and by refusing to tolerate bullying…" N.R.S.

§ 388.132(4)(a),(b) [emphasis added].

72. The failure of the CCSD Defendants to provide a safe and respectful learning environment for all students constitutes a violation of their statutory duties.  Further, their inaction resulted in a school setting that more than tolerated bullying.

73. CCSD Defendants failed to train and/or require the training of CCSD personnel, failed to review associated policies, failed to enforce statutory and school district policies related to securing a safe and respectful learning environment, or take other actions that could have avoided the injuries to Hailee.

74. The injuries suffered by Hailee and her family are of the very type the NRS Chapter 388 and NRS 392 provisions were designed to prevent.  See Vega v. Eastern Courtyard Associates, 24 P.3d 219, 221 (2001).

75. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions, Hailee experienced pain and suffering, including physical, psychological and emotional injury.

76. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions, Jason, Jennifer and Jacob suffered immediate and irreparable injury, including physical, psychological and emotional injuries.

77. As a proximate result of CCSD Defendants' negligence, practices, acts and omissions, Jason and Jennifer Lamberth also suffered immediate and irreparable injury, including physical, psychological and emotional injury, by losing the opportunity to speak with their daughter about the reported allegations of bullying and to attempt to intervene prior to her death.

### CLAIM FOR RELIEF III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### IMMEDIATE FAMILY BYSTANDER
### [BY JASON AND JACOB LAMBERTH]

78. All allegations set forth in this Complaint are hereby incorporated by reference.

79. "Immediate family members qualify for [bystander] standing to bring NIED claims as a matter of law." Grotts v. Zahner 115, Nev. 339, 341, 989 P.2d 415,416 (1999).

80. Jason and Jacob Lamberth were bystanders in that they discovered Hailee's body after her death.

81. As a proximate result of CCSD Defendants' behavior, Jason and Jacob Lamberth suffered emotional distress as immediate family bystanders, upon finding Hailee's body.

## CLAIM FOR RELIEF IV
### SURVIVAL ACTION
### VIOLATIONS OF UNITED STATES CONSTITUTION:
### SUBSTANTIVE DUE PROCESS
### 42 USC § 1983
**[BY JASON AND JENNIFER LAMBERTH, IN THEIR CAPACITY AS THE REPRESENTATIVES OF THE ESTATE OF HAILEE JOY LAMBERTH, AGAINST PAT SKORKOWSKY, ERIN A. CRANOR, LINDA E. YOUNG, PATRICE TEW, STAVAN CORBETT, CAROLYN EDWARDS, CHRIS GARVEY, DEANNA WRIGHT, ANDREA KATONA, DEAN RON KAMMAN, DEAN BARR, KIM JEFFERSON AND ANDRE LONG]**

82. All allegations set forth in this Complaint are hereby incorporated by reference.

83. Nevada law authorizes survival claims brought by an estate representative.

84. As set forth herein, Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long, as state actors acting under color of state law, violated decedent Hailee Joy Lamberth's substantive due process rights as provided for under the Fifth and Fourteenth Amendments to the U.S. Constitution. Each of these defendant state actors engaged in affirmative conduct that placed decedent Hailee Joy Lamberth in a known and obvious danger by ignoring Clark County School District policies and Nevada law related to bullying at public schools and failing to report bullying of decedent Hailee Joy Lamberth or to protect her from such bullying while she was a student at Thurman White Middle School.

85. As result of Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long's violation of decedent's substantive due process rights, decedent Hailee Joy Lamberth suffered great emotional distress and pain and suffering before her death.

86. Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman,

1    Dean Barr, Kim Jefferson and Andre Long's violation of decedent's substantive due process

2    rights was the immediate legal and proximate cause of Hailee Joy Lamberth's death.

3         87. In their estate representative capacity and pursuant to 42 USC §1983, Plaintiffs Jason and

4    Jennifer Lamberth claim damages for the emotional distress and pain and suffering experienced

5    by their deceased daughter Hailee Joy Lamberth caused by Defendants Pat Skorkowsky, Erin A.

6    Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna

7    Wright, Andrea Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long's

8    unlawful actions as described herein.  Plaintiffs Jason and Jennifer Lamberth, in their

9    representative capacities, also claims damages for the funeral expenses incurred as a result of the

10   wrongful death of his deceased daughter caused by Pat Skorkowsky, Erin A. Cranor, Linda E.

11   Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea

12   Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long's unlawful actions as

13   described herein.  In addition, Plaintiff Jason and Jennifer Lamberth, in their representation

14   capacity, seek attorney's fees pursuant to 42 USC § 1988 and punitive damages against

15   Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett,

16   Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman, Dean

17   Barr, Kim Jefferson and Andre Long as a result of their violation of his deceased daughter's

18   substantive due process rights.

19                              **CLAIM FOR RELIEF V**
20                    **MONELL CLAIM SURVIVAL ACTION**
                    **VIOLATIONS OF UNITED STATES CONSTITUTION:**
21                        **SUBSTANTIVE DUE PROCESS**
                              **42 USC § 1983**
22         **[BY JASON AND JENNIFER LAMBERTH, IN THEIR CAPACITY AS THE**
23         **REPRESENTATIVES OF THE ESTATE OF HAILEE JOY LAMBERTH AGAINST**
                                   **CCSD]**
24        88. All allegations set forth in this Complaint are hereby incorporated by reference.

25        89. Nevada law authorizes survival claims brought by an estate representative.

26        90. As set forth herein, Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice

27   Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean

28

1    Ron Kamman, Dean Barr, Kim Jefferson and Andre Long, state actors and employees of

2    Defendant Clark County School District, acting under color of state law violated decedent Hailee

3    Joy Lamberth's substantive due process rights provided for under the Fifth and Fourteenth

4    Amendments to the U.S. Constitution. Each of these defendant state actors and employees of

5    Defendant Clark County School District engaged in affirmative conduct that placed decedent

6    Hailee Joy Lamberth in a known and obvious danger by ignoring Clark County School District

7    policies and Nevada law related to harassment at public schools and failing to report bullying of

8    decedent Hailee Joy Lamberth or to protect her from such bullying while she was a student at

9    Thurman White Middle School. As result of these individual Defendants' violation of decedent's

10   rights, decedent Hailee Joy Lamberth suffered great emotional distress and pain and suffering

11   before her death. Further, these individual defendants' violations of decedent's substantive due

12   process rights were the immediate legal cause of Hailee Joy Lamberth's death

13        91. Plaintiffs Jason and Jennifer Lamberth, in their capacity as the representatives of the

14   Estate of Hailee Joy Lamberth, hereby allege that unconstitutional actions by Defendants Pat

15   Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards,

16   Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson

17   and Andre Long, state actors and employees of Defendant Clark County School District, which

18   violated decedent's constitutional rights as alleged herein were caused by: (a) inadequate and

19   arbitrary training, supervision, and discipline of these individual defendants by their employer

20   Defendant Clark County School District; (b) the deliberate indifference by Defendant Clark

21   County School District of these individual defendants' unconstitutional conduct as alleged

22   herein; and (c) the customs and de facto policies of Defendant Clark County School District of

23   ignoring its own policies and Nevada law related to harassment at public schools and failing to

24   report bullying of students and to protect students from such bullying. Plaintiffs Jason and

25   Jennifer Lamberth, in their capacity as the representatives of the Estate of Hailee Joy Lamberth,

26   further allege that the unconstitutional actions of these individual defendants were ratified by Pat

27   Skorkowsky, acting in his official capacity as superintendent and final decision maker of

28   Defendant Clark County School District. Defendant Clark County School District's conduct

1  alleged herein constitutes deliberate indifference on its part of its obligation to preserve and
2  protect the constitutional rights of students attending public school within Clark County School
3  District and of their families.  Plaintiffs Jason and Jennifer Lamberth, in their capacity as the
4  representatives of the Estate of Hailee Joy Lamberth, further allege that Defendant Clark County
5  School District knew or should have known that its acts and omissions as alleged herein were
6  likely to result in the violation of the substantive due process rights of students such as decedent
7  Hailee Joy Lamerth.

8      92. Plaintiffs Jason and Jennifer Lamberth, in their capacity as the representatives of the
9  Estate of Hailee Joy Lamberth, hereby allege that the actions and omissions of Clark County
10  School District as alleged herein were a legal and proximate cause of the violation of decedent
11  Hailee Joy Lamberth's substantive due process rights and caused the decedent's death and great
12  emotional distress prior to her death.

13      93. In their estate representative capacity and pursuant to 42 USC §1983, Plaintiffs Jason
14  and Jennifer Lamberth claim damages from Defendant Clark County School District for the
15  emotional distress and pain and suffering experienced by their deceased daughter Hailee Joy
16  Lamberth caused by Defendant Clark County School District unconstitutional act and omissions
17  as alleged herein.  Plaintiffs Jason and Jennifer Lamberth, in their representative capacity, also
18  claim damages from Defendant Clark County School District for the funeral expenses incurred
19  as a result of the wrongful death of their deceased daughter caused by the acts and omission of
20  Defendant Clark County School District. In addition, Plaintiffs Jason and Jennifer Lamberth, in
21  their representation capacity, seek attorney's fees from Defendant Clark County School District
22  pursuant to 42 USC § 1988 for the unconstitutional acts and omissions alleged herein.

23
24
25
26
27
28

**CLAIM FOR RELIEF VI**
**WRONGFUL DEATH**
**VIOLATIONS OF UNITED STATES CONSTITUTION:**
**EXPRESSIVE ASSOCIATION**
**LIBERTY INTEREST IN FAMILIAL COMPANIONSHIP**
**42 USC § 1983**
**[BY JASON AND JENNIFER LAMBERTH, IN THEIR INDIVIDUAL CAPACITIES,**
**and JACOB LAMBERTH AGAINST PAT SKORKOWSKY, ERIN A. CRANOR,**
**LINDA E. YOUNG, PATRICE TEW, STAVAN CORBETT, CAROLYN EDWARDS,**
**CHRIS GARVEY, DEANNA WRIGHT, ANDREA KATONA, DEAN RON**
**KAMMAN, DEAN BARR, KIM JEFFERSON AND ANDRE LONG]]**

94. Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth, the immediate family

of dececent Hailee Joy Lamberth, hereby re-allege and incorporate by reference all of the

allegations set forth in this complaint.

95. As set forth herein, Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice

Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean

Ron Kamman, Dean Barr, Kim Jefferson and Andre Long, as state actors acting under color of

state law, violated decedent Hailee Joy Lamberth's substantive due process rights provided for

under the Fifth and Fourteenth Amendments to the U.S. Constitution. Each of these defendant

state actors engaged in affirmative conduct that placed decedent Hailee Joy Lamberth in a known

and obvious danger by ignoring Clark County School District policies and Nevada law related to

harassment at public schools and failing to report bullying of decedent Hailee Joy Lamberth  or

to protect her from such bullying while she was a student at Thurman White Middle School.

96. Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew, Stavan

Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron Kamman,

Dean Barr, Kim Jefferson and Andre Long's violation of decedent's substantive due process

rights were the immediate legal and proximate cause of Hailee Joy Lamberth's death. These

individual defendants' unconstitutional actions leading to the death of Hailee Joy Lamberth

violated the First and Fourteenth Amendments rights under United States Constitution of

Plaintiffs Jason Lamberth, father of decedent Hailee Joy Lamberth, Plaintiff Jennifer Lamberth,

mother of decedent Hailee Joy Lamberth, and Jacob Lamberth, brother of Hailee Joy Lamberth.

These individual defendants' unconstitutional actions, which legally caused the death of Hailee

1   Joy Lamberth, violated Plaintiff Jason Lamberth, father of decedent Hailee Joy Lamberth,

2   Plaintiff Jennifer Lamberth, mother of decedent Hailee Joy Lamberth, and Jacob Lamberth"s,

3   brother of Hailee Joy Lamberth, their rights under United States Constitution by depriving

4   Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth of their First Amendment

5   right of expressive association with decedent Hailee Joy Lamberth and their Fourteenth

6   Amendment liberty interest in decedent Hailee Joy Lamberth's companionship.  These individual

7   defendants' unconstitutional actions as alleged herein were done knowing the harm it would

8   cause Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth.

9       97. Plaintiff Jason Lamberth, father of decedent Hailee Joy Lamberth, Plaintiff Jennifer

10   Lamberth, mother of decedent Hailee Joy Lamberth, and Jacob Lamberth"s, brother of Hailee

11   Joy Lamberth, claim special and general damages for the wrongful death of decedent Hailee Joy

12   Lamberth caused by Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young, Patrice Tew,

13   Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona, Dean Ron

14   Kamman, Dean Barr,  Kim Jefferson and Andre Long's unlawful actions as described herein.  In

15   addition, Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth seek attorney's fees

16   pursuant to 42 USC § 1988 and punitive damages against Defendants Pat Skorkowsky, Erin A.

17   Cranor, Linda E. Young, Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna

18   Wright, Andrea Katona, Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long as a

19   result of their violation of their First and Fourteenth Amendment rights.

20                              **CLAIM FOR RELIEF VII**

21                    **MONELL CLAIM FOR WRONGFUL DEATH**
                    **VIOLATIONS OF UNITED STATES CONSTITUTION:**
22                           **EXPRESSIVE ASSOCIATION**
                    **LIBERTY INTEREST IN FAMILIAL COMPANIONSHIP**
23                                **42 USC § 1983**
24   **[BY JASON AND JENNIFER LAMBERTH IN THEIR INDIVIDUAL CAPACITIES and**
                   **JACOB LAMBERTH AGAINST CCSD]**
25
        98. All allegations set forth in this Complaint are hereby incorporated by reference.
26
        99. As set forth herein, Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young,
27
     Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona,
28

1   Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long, state actors and employees of

2   Defendant Clark County School District, acting under color of state law, violated decedent

3   Hailee Joy Lamberth's substantive due process rights provided for under the Fifth and

4   Fourteenth Amendments to the U.S. Constitution.  Each of these defendant state actors and

5   employees of Defendant Clark County School District engaged in affirmative conduct that

6   placed decedent Hailee Joy Lamberth in a known and obvious danger by ignoring Clark County

7   School District policies and Nevada law related to harassment at public schools, and by failing to

8   report bullying of decedent Hailee Joy Lamberth or to protect her from such bullying while she

9   was a student at Thurman White Middle School.  These individual defendants' violations of the

10  decedent's substantive due process rights were the immediate legal and proximate cause of

11  Hailee Joy Lamberth's death.  Such unconstitutional actions violated the rights of Plaintiff Jason

12  Lamberth, father of decedent Hailee Joy Lamberth, Plaintiff Jennifer Lamberth, mother of

13  decedent Hailee Joy Lamberth, and Jacob Lamberth's, brother of Hailee Joy Lamberth, under

14  United States Constitution by depriving them of their First Amendment right of expressive

15  association with decedent Hailee Joy Lamberth, and their Fourteenth Amendment liberty interest

16  in decedent Hailee Joy Lamberth's companionship.  These individual defendants'

17  unconstitutional actions as alleged herein were done knowing the harm it would cause Plaintiffs

18  Jason Lamberth, Jennifer Lamberth and Jacob Lamberth.

19          100. Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth hereby allege that

20  unconstitutional actions by Defendants Pat Skorkowsky, Erin A. Cranor, Linda E. Young,

21  Patrice Tew, Stavan Corbett, Carolyn Edwards, Chris Garvey, Deanna Wright, Andrea Katona,

22  Dean Ron Kamman, Dean Barr, Kim Jefferson and Andre Long, state actors and employees of

23  Defendant Clark County School District, which led to the death of decedent Hailee Joy Lamberth

24  were caused by: (a) inadequate and arbitrary training, supervision, and discipline of these

25  individual defendants by their employer Defendant Clark County School District; (b) the

26  deliberate indifference by Defendant Clark County School District of these individual

27  defendants' unconstitutional conduct as alleged herein; and (c) the customs and de facto policies

28  of Defendant Clark County School District of ignoring its own policies and Nevada law related

1    to harassment at public schools and failing to report bullying of students and to protect students

2    from such bullying.  Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth further

3    allege that the unconstitutional actions of these individual defendants were ratified by Pat

4    Skorkowsky, acting in his official capacity as superintendent and final decision maker of

5    Defendant Clark County School District.  Defendant Clark County School District's conduct

6    alleged herein constitutes deliberate indifference on its part of its obligation to preserve and

7    protect the constitutional rights of students attending public school within Clark County School

8    District and of their families.  Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth

9    further allege that Defendant Clark County School District  knew or should have known that its

10   acts and omissions as alleged herein were likely to result in the violation of the First and

11   Fourteenth Amendment rights of persons such as Plaintiffs Jason Lamberth, Jennifer Lamberth

12   and Jacob Lamberth.

13        101. Plaintiff Jason Lamberth, father of decedent Hailee Joy Lamberth, Plaintiff Jennifer

14   Lamberth, mother of decedent Hailee Joy Lamberth, and Jacob Lamberth, brother of Hailee Joy

15   Lamberth, hereby allege that the actions and omissions of Clark County School District as

16   alleged herein were a legal cause of decedent Hailee Joy Lamberth's death and violated their

17   First Amendment right of expressive association with decedent Hailee Joy Lamberth and their

18   Fourteenth Amendment liberty interest in decedent Hailee Joy Lamberth's companionship.

19   Plaintiffs Jason Lamberth, Jennifer Lamberth and Jacob Lamberth claim special and general

20   damages from Defendant Clark County School District for the wrongful death of decedent

21   Hailee Joy Lamberth as alleged herein.  In addition, Plaintiffs Jason Lamberth, Jennifer

22   Lamberth and Jacob Lamberth seek attorney's fees pursuant to 42 USC § 1988 from Defendant

23   Clark County School District as a result of its violation of their First and Fourteenth Amendment

24   rights as alleged herein.

25

26

27

28

**CLAIM FOR RELIEF VIII**
**DEFAMATION**
**[BY JASON LAMBERTH AND JENNIFER LAMBERTH, IN THEIR**
**INDIVIDUAL CAPACITIES, AGAINST CCSD DEFENDANTS]**

102. All allegations set forth in this Complaint are hereby incorporated by reference.

103. Defendant Katona made a false and defamatory statement in her chronology as against Jason Lamberth by stating "that fact that Hailee's Dad beat her." CCSD deliberately circulated this statement to a third party, another parent in the school district.

104. Presented as a fact, such charges would tend to lower Jason's and Jennifer's reputation in the estimation of the community and to excite derogatory opinions against him and hold him up to contempt. See PETA v. Bobby Berosini Ltd., 111 Nev. 615, 626, 895 P.2d 1269, 1276 (1995).

105. As noted by the Restatement (Second) of Torts, § 558, the elements of defamation include: (i) false and defamatory statement concerning another, (ii) an unprivileged publication to a third party, (iii) fault amounting to at least negligence on the part of the publisher, and (iv) actionability of the statement. See also PETA, supra.

106. The words used in the chronology implied specific facts, which are actionable. See Riggs v. CCSD, 19 F. Supp. 1177, 1181 (1998).

**CLAIM FOR RELIEF IX**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**[BY JASON AND JENNIFER LAMBERTH IN THEIR INDIVIDUAL CAPACITIES and**
**JACOB LAMBERTH AGAINST SABREENA ADAMS]**

107. All allegations set forth in this Complaint are hereby incorporated by reference.

108. The facebook posting by Sabreena Adams stating "she is still the monster," which could be read to refer to Hailee, created serious distress for Jason, Jennifer and Jacob Lamberth.

109. The elements of a Negligent Infliction of Emotional Distress claim include: (i) the defendant breached a duty owed to the plaintiff; (ii) which resulted in either a physical impact, or, in the absence of a physical impact "serious emotional distress causing physical injury or illness." Barmettler v. Reno Air Inc., 114 Nev. 441, 448, 956 P.2d 1382, 1387 (1998).

110. CCSD Policy R-5125.1 provides that all school records of students are confidential, and any information related to the student, except for directory information (such as name, etc) should not be disclosed without the written consent of the parent or eligible student. The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, also protects the privacy of student information.

111. School Guidance Counselor Adams owed a duty to maintain the confidentiality of information related to Hailee.

112. Adam's public disclosure of private information related to Hailee and her family breached this duty, and resulted in serious emotional distress causing physical illness to Jason, Jennifer and Jacob.

### CLAIM FOR RELIEF X
### UNREASONABLE PUBLICITY GIVEN TO PRIVATE FACTS, or FAILURE TO PROTECT PRIVACY
### [BY JASON AND JENNIFER LAMBERTH IN THEIR INDIVIDUAL CAPACITIES, and JACOB LAMBERTH AGAINST SABREENA ADAMS]

113. All allegations set forth in this Complaint are hereby incorporated by reference.

114. Adam gave unreasonable publicity to private facts, through the following: Facebook statement related to Hailee "she is still the monster;" Facebook statements related to an ongoing bullying investigation,  " Ps...Kid is NOT still at our school nor was he bullying her;" Facebook statement "We even bought her younger brother Christmas and bday presents at the parents request yet were still the enemy." Upon information and belief, these statements appeared before an audience of over 500 individuals.

115. According to the Restatement (Second) of Torts, § 652D, the elements of this claim include:  (i) a private life matter, (ii) publicity is given to the private life, (iii) the publicity is highly offensive and of no legitimate concern to the public.  See also, State v. Eighth Judicial Dist. Court ex. Rel County of Clark, 118 Nev. 140, 150 (2002).

116. As the school guidance counselor charged with a specific responsibility to Hailee, Adams had access to information related to private life matters of Hailee.  Adam's facebook postings gave publicity to these matters.  Given Hailee's suicide, the posting is highly offensive

1  and the status of the bully identified in Hailee's suicide note is of no legitimate concern to the

2  public.

3    117. Adam's public disclosure of private information related to Hailee and her family

4  breached this duty, and resulted in serious emotional distress causing physical illness to Jason,

5  Jennifer and Jacob.

### CLAIM FOR RELIEF XI
### FALSE LIGHT INVASION OF PRIVACY
### [BY JASON LAMBERTH AND JENNIFER LAMBERTH IN THEIR INDIVIDUAL CAPACITIES and JACOB LAMBERTH AGAINST SABREENA ADAMS]

9    118. All allegations set forth in this Complaint are hereby incorporated by reference.

10    119. Defendant Katona made a false and derogatory statement in her chronology as against

11  Jason Lamberth by stating "that fact that Hailee's Dad beat her."

12    120. CCSD deliberately circulated this statement to a third party, another parent in the school

13  district.

14    121. As noted by the Restatement (Second) of Torts, § 652(e), an action for the tort of false

15  light invasion of privacy arises when: [o]ne who gives publicity to a matter concerning another

16  that places the other before the public in a false light ... if:

17    (a) the false light in which the other was placed would be highly offensive to a reasonable

18  person, and

19    (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the

20  publicized matter and the false light in which the other would be placed.

21  See, Franchise Tax Board of Cal. V. Hyatt, ___P.3d ___, No. 53264, 2014 WL 4656423 at *12-

22  13 (Sept. 18, 2014)

23    122. The chronology stated specific false allegations of facts, concerning Plaintiff Jason

24  Lamberth, which placed him in a false light which would be highly offensive to a reasonable

25  person.

26    123. Defendant Katona had knowledge of or acted in reckless disregard as to the falsity of

27  the publicized matter and the false light in which Plaintiff Jason Lamberth would be placed.

28    124. The disclosures resulted in mental distress for the Lamberths.

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully requests this Court:

1. For declaratory judgment that Defendants' policies, practices and conduct as alleged herein were/are in violation of Plaintiffs' rights under the United States Constitution, and Nevada law;

2. For damages in an amount according to proof;

3. Punitive damages;

4. For attorneys' fees as provided by law;

5. For costs of suit;

6. For injunctive relief; and

7. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand that this matter be tried by a jury, pursuant the Seventh Amendment of the Constitution of the United States, as to all claims for damages.

Dated this 21st day of October 2014

Respectfully submitted by:

/s/ Allen Lichtenstein
Allen Lichtenstein, Esq.
Nevada Bar No. 3992
Staci Pratt, Esq.
Nevada Bar No. 12630
Allen Lichtenstein, Ltd.
3315 Russell Road, No. 222
Las Vegas, NV 89120
Tel: 702-433-2666
Fax: 702-433-9591
allaw@lvcoxmail.com
stacijpratt@gmail.com

James A. Quadra, Esq. (pro hac vice pending)
Rebecca Coll, Esq. (pro hac vice pending)
Quadra & Coll, LLP
649 Mission Street, 5th Floor
San Francisco, CA 94105
Tel: 415-426-3502
Attorneys for the Plaintiffs

Lambeth Complaint - 27

## VERIFICATION OF COMPLAINT

Jason Lamberth, pursuant to N.R.S. § 53.045, hereby makes the following declaration: (1) I am a Plaintiff in the above titled action; (2) I have read the foregoing Complaint and know the contents thereof; and (3) the same is true of my own knowledge except for those matters therein stated on information and belief, (4) I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of October 2014.

_Jason W. Lamberth_
Jason Lamberth

Jennifer Lamberth, pursuant to N.R.S. § 53.045, hereby makes the following declaration: (1) I am a Plaintiff in the above titled action; (2) I have read the foregoing Complaint and know the contents thereof; and (3) the same is true of my own knowledge except for those matters therein stated on information and belief, (4) I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of October 2014.

_Jennifer Lamberth_
Jennifer Lamberth

Lamberth Complaint - 28