UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON LAMBERTH, et al., | Case No. 2:14-cv-02044-APG-GWF |
| Plaintiffs, | |
| v. | **ORDER** |
| CLARK COUNTY SCHOOL DISTRICT, et al., | (Dkt. #72) |
| Defendants. | |

Defendants move for permission to file under seal their Opposition to the plaintiffs' motion to amend the complaint. (Dkt. #72.) Defendants cite to the court's April 1, 2015 order allowing filing under seal. (Dkt. #25.) However, that order does not permit the wholesale sealing of entire documents. Rather, the order contemplates that the parties will redact confidential information from the filed document where that can be done. (*Id.* at ¶¶ 12, 23, 30.) The order also states that "such papers, or the confidential portion thereof, shall be filed under seal in accordance with Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)." (*Id.* at ¶ 12.)

Generally, the public has a right to inspect and copy judicial records. *Kamakana*, 447 F.3d at 1178. Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*

In their motion to file under seal, the defendants state only that "[t]hroughout the Opposition, Defendants describe and quote, and thereby disclose, the contents of documents and other information that Plaintiffs have designated as 'CONFIDENTIAL.' Therefore, pursuant to the stipulated confidentiality agreement and protective order, Defendants feel compelled to file the Opposition under seal. . . ." (Dkt. #72 at 2.) This statement provides no detail about how much of the Opposition contains confidential information, and whether the confidential

information can be redacted. The mere fact that one party designated information as confidential, even under a protective order, does not satisfy the *Kamakana* standard. Only those portions of the motion that contain specific reference to confidential information, and the exhibits that contain such confidential information, may be filed under seal. The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly accessible documents.

I will allow the Opposition to remain sealed temporarily so the parties may confer about what, if any, portions of it and its exhibits should remain sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing within 14 days of the date of this order. If the party seeking to seal believes that redaction is impractical due to the volume of redactions that would be necessary, the motion to seal should explain why. If a motion to seal is not filed within 14 days of the date of this order, the defendants' Opposition will be unsealed.

IT IS THEREFORE ORDERED that defendants' motion to file under seal **(Dkt. #72) IS GRANTED IN PART.** The defendants' **Opposition (Dkt. #73) shall remain sealed pending further order of the Court.**

IT IS FURTHER ORDERED that the parties shall confer about what, if any, portions of the Opposition and its exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing, or an explanation why the document cannot be redacted. Any motion to seal must set forth the reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal is not filed within 14 days of the date of this order, the defendants' Opposition will be unsealed.

DATED this 29th day of September, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE