UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON LAMBERTH, individually and as estate representative of HAILEE JOY LAMBERTH; JENNIFER LAMBERTH, individually and as estate representative of HAILEE JOY LAMBERTH; and JACOB LAMBERTH,<br><br>           Plaintiffs,<br><br>     v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>           Defendants. | Case No. 2:14-cv-02044-APG-GWF<br><br>**ORDER**<br><br>(Dkt. Nos. 78, 81, 85, 90) |

      The parties have filed various papers regarding sealing the defendants' opposition to the plaintiffs' motion to amend and the appendix attached in support (Dkt. #73). Because the parties largely agree on what should be sealed, I direct them to confer and submit proposed redacted documents with the following guidelines in mind. First, non-party minors' names must be redacted and replaced with initials or pseudonyms.[1] Fed. R. Civ. P. 5.2(a)(3). Second, if material was not relied on in the opposition, then it may be redacted from the appendix because that material is irrelevant. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This information does not aid the public in understanding the judicial process. *See id.* at 1178-79.

      Third, compelling reasons support sealing those portions of the appendix consisting of Hailee's suicide note, notes to herself in which she contemplates suicide, and text messages. *Id.* at 1179. The contents of material portions of the notes and text messages may be stated in the

---

[1] When making redactions, I caution the parties to ensure that non-party minors' names are replaced with initials or pseudonyms on the cover sheet and headers to depositions, as well as within the deposition questions and answers.

parties' briefs. This strikes an appropriate balance between the public's access to judicial records and the parties' and non-parties' privacy interests.

The public's interest in seeing the notes in their entirety is outweighed by the emotional impact that disclosure would have on Hailee's family and friends, particularly where the notes are in Hailee's own handwriting and contain personal messages to her parents. Similarly, the public's interest in seeing the text messages in their entirety are outweighed by two considerations. First, portions of the text messages are irrelevant to the merits of this action. Second, full disclosure would expose a non-party minor's mental health issues. Therefore, the parties (1) may disclose in their briefs the contents of material portions of the notes and text messages, (2) must use a pseudonym for the non-party minor who exchanged text messages with Hailee on December 11 and 12, 2013, and (3) must redact from the opposition brief and appendix information which reveals this non-party minor's mental health issues. The parties must redact both the quotation of the relevant text messages as well as argument about what those text messages may have meant to Hailee. (*See, e.g.*, Dkt. #73 at 10-12.)

Within 30 days of entry of this order, the parties must file a sealed joint status report explaining what has been agreed to and what disagreements remain. Any party asserting that further material should be sealed must specifically identify what portions of the opposition or appendix should be sealed and provide adequate support for doing so under *Kamakana*. If agreement is reached on all issues, the joint report should say so and the parties should file unsealed, redacted versions of the documents.

I give similar direction in relation to the plaintiffs' reply brief and attached exhibits (Dkt. #80). Non-party minors' names must be replaced with initials. Additionally, in exhibit A, the plaintiffs must redact the student number. However, the other proposed redactions to the reply brief, the Quadra declaration, and exhibits A, B, C, and F are not supported by either good cause or compelling reasons. The plaintiffs therefore shall file a publicly accessible redacted version of their reply brief and exhibits consistent with this Order within 14 days.

IT IS THEREFORE ORDERED that the parties shall confer and, within 30 days of entry of this order, file a sealed joint status report explaining what has been agreed to and what disagreements remain. Any party asserting that further material should be sealed must specifically identify what portions of the opposition or appendix should be sealed and provide adequate support for doing so under *Kamakana*. If agreement is reached on all issues, the joint report should say so and the parties should file unsealed, redacted versions of the documents.

IT IS FURTHER ORDERED that the plaintiffs shall file a redacted version of their reply brief (Dkt. #80) consistent with this Order within 14 days.

IT IS FURTHER ORDERED that the parties' various motions to seal **(Dkt. #78, #81, #85) are GRANTED**, with the understanding that publicly accessible versions of the pertinent documents will be prepared. **Docket numbers 73, 78, 80, and 86 shall remain sealed.**

IT IS FURTHER ORDERED that the plaintiffs' motion to strike **(Dkt. #90) is DENIED**.

DATED this 22nd day of January, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE